## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

U.S. COMMODITY FUTURES
TRADING COMMISSION,

        Plaintiff,

v.                                                                Case No:  6:14-cv-1766-Orl-40GJK

EMINI EXPERTS, LLC, CAPITAL
TRADING CONCEPTS LLC, DANTE S.
GIOVANNETTI and CAPITAL
FUTURES LLC,

        Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 81), filed September 18, 2015. The United States Magistrate Judge has submitted a report recommending that the motion be granted.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Therefore, it is **ORDERED** that the Report and Recommendation filed March 29, 2016 (Doc. 83) is **ADOPTED** and **CONFIRMED** and made a part of this Order. The Motion for Default Judgment Against All Defendants (Doc. 81) is **GRANTED**. The Clerk is **DIRECTED** to enter the following Default Judgment and thereafter **CLOSE** the file:

## FINAL DEFAULT JUDGMENT

1.     Judgment is hereby entered in favor of the Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission"), and against the Defendants, jointly and severally, as to Counts I through V.

2.     Judgment is hereby entered in favor of the Commission and against Defendants, Emini Experts, LLC ("Emini") and Dante S. Giovannetti, jointly and severally, as to Counts VI and VII.

3.     The Commission is granted permanent injunctive relief against the Defendants pursuant to Section 6c of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1 (2012), as follows:

Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly:

a. cheating or defrauding or attempting to cheat or defraud other persons, willfully making or causing to be made to other persons any false report or statement or willfully entering or causing to be entered for another person any false record, or willfully deceiving or attempting to deceive other persons in, or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery in violation of Sections 4b(a)(1)(A)–(C), 6(c)(1), 4$o$(1) of the Act, and Regulation 180.1(a)(1)–(3), 7 U.S.C. §§ 6b(a)(1)(A)–(C), 9(c)(1), 6$o$(1), and 17 C.F.R. § 180.1(a)(1)–(3);

b. making use of the mails or any means or instrumentality of interstate commerce in connection with any business as a CPO (unless registered with the Commission) in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

c.  commingling customer funds in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c);

d.   soliciting, accepting or receiving from an existing or prospective CTA client funds, securities, or other property in the trading advisor's name (or extend credit in lieu thereof) to purchase, margin guarantee, or secure any commodity interest of the client in violation of Regulation 4.30(a), 17 C.F.R. § 4.30(a)

e.  willfully falsifying, concealing, or covering up by any trick, scheme, or artifice a material fact, making any false, fictitious, or fraudulent statements or representations, or making or using any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry to a registered entity, board of trade, swap data repository, or futures association designated or registered under the Act acting in furtherance of its official duties under the Act in violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4);

f.  trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

g.  entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)) for his/her/their/its own personal account or for any account in which he/she/they/it has/have a direct or indirect interest;

h.  having any commodity interests traded for or on his/her/their/its behalf;

i.  controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

j.   soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

k.   applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or

l.   acting as a principal (as the term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as the term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

4.   Defendants are **ORDERED** to pay, jointly and severally, restitution in the amount of $663,975.61 ("Restitution Obligation"), plus post-judgment interest.

5.   Relief Defendant, Capital Futures, LLC, is hereby **ORDERED** to pay disgorgement in the amount of $143,358.46 (the "Disgorgement Obligation"), plus post-judgment interest.

6.   Post-judgment interest shall accrue on the Restitution Obligation and Disgorgement Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012).

7.      Payments in satisfaction of the Restitution Obligation or the Disgorgement Obligation shall be made to the Clerk of Court.  If only partial payment is made, each payee shall receive an approximately proportioned payment as set forth below:

| Payee | Amount of Restitution | Pro Rata Proportion |
|---|---|---|
| Investor 1 (R.F.) | $400,000.00 | 60.2% |
| Investor 2 (M.C.) | $50,000.00 | 7.5% |
| Investor 3 (T.H.) | $100,025.00 | 15.1% |
| Investor 4 (B.F.) | $113,950.61 | 17.2% |

8.      For amounts disbursed to victims as a result of satisfaction of any restitution ordered in the related criminal action entitled *United States of America v. Giovannetti*, 15-cr-29 (M.D. Fla., judgment entered July 7, 2015), a dollar-for-dollar credit against the Restitution Obligation shall be applied.  Within ten (10) days of disbursement in the Criminal Action to Defendants' victims, Defendant Giovannetti shall, under a cover letter that identifies the name and docket number of this proceeding, transmit to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, copies of the form of payment to those victims.

9.      Within thirty (30) days of receiving this Final Judgment, any financial institution holding funds in the name of Dante S. Giovannetti, Emini Experts LLC, Capital Trading Concepts LLC, or Capital Futures LLC, is specifically directed to liquidate and release all funds, whether the funds are held in a single or joint account, or any other capacity, and to convey to the Clerk of Court, all funds in these accounts, less any amounts required to cover the financial institutions' outstanding administrative or wire transfer fees.  At no time during the liquidation, release, and/or wire transfer of these

funds pursuant to this Final Judgment shall Defendants be afforded any access to, or be provided with, any funds from these accounts.  Defendants and all banks and financial institutions subject to this Final Judgment shall cooperate fully and expeditiously with the Commission in the liquidation, release, and wire transfer of these funds.

10.    The amounts payable to each investor shall not limit the ability of any investor from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

11.    Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each investor of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the Restitution Obligation that has not been paid by Defendants or the Disgorgement Obligation that has not been paid by Relief Defendant to ensure continued compliance with any provision of this Order and to hold Defendants or Relief Defendant in contempt for any violations of any provision of this Order.

12.    To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation or Relief Defendant's Disgorgement Obligation, such funds shall be transferred to the Clerk of Court for disbursement in accordance with the procedures set forth above.

13.    The Commission is **DIRECTED** to provide the Clerk of Court with the names and contact information for Investors 1 through 4, and the Commission **SHALL** have the continuing duty to keep the Clerk informed of the victims' current contact information where restitution payments may be remitted.

14.     A civil monetary penalty is imposed against the Defendants, jointly and severally, in the amount of $1,991,926.83.

15.     A separate civil monetary penalty is imposed against Emini and Defendant Giovannetti, jointly and severally, in the amount of $140,000.00.

16.     Costs are awarded in favor of the Commission and against Defendant Giovannetti in the amount of $2,435.87.

17.     The Court retains jurisdiction to enforce the Judgment.

**DONE AND ORDERED** in Orlando, Florida on June 3, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties